WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria,<br><br>            Plaintiff,<br><br>v.<br><br>Yavapai College District Governing Board, et al.,<br><br>            Defendants. | No. CV-25-08043-PCT-MTL<br><br>**ORDER** |

Pending before the Court is Defendants Yavapai College District Governing Board, Seth Weidling Sturdevant, Robert Haws, and John Butzer's (collectively "Defendants") Motion to Dismiss (Doc. 36), and several miscellaneous motions filed by Plaintiff Daniel Doria (Docs. 41, 43, 49, 53, 54, 55, 62). The Court now rules.[1]

**I.    BACKGROUND**

The following summary is taken from the allegations in the Second Amended Complaint ("SAC") and documents properly subject to judicial notice.[2] The Court accepts the allegations in the SAC as true for the purposes of assessing the pending motion to dismiss. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

---

[1] The Court finds that a hearing is unnecessary for any of the pending motions, as the issues have been fully briefed and oral argument would not have aided the Court's decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

[2] Defendants attach various public records, detailing the state court actions between the parties. (Doc. 36-1 at 1-89, 94-96.) Because the state court documents are matters of public record, the Court will take judicial notice of them, but not the disputed facts within the documents. *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("[Courts] may take judicial notice of undisputed matters of public record including documents on file in federal or state courts.") (citation omitted); Fed. R. Evid. 201(b).

This case is but one of many between Daniel Doria and Defendants. The saga begins in August 2023, when Doria executed a lease agreement (the "Lease") at the Verde Valley RV Park, owned by the Yavapai County Community College District ("Yavapai College"). (Doc. 36-1 at 46-52.) Doria also signed a Lease Addendum for Animals, permitting him to house his two personal pets in his RV. (Doc. 19 at 23-24.) As relevant here, the Lease prohibited Doria from using the premises for anything other than "residential purposes," including "carrying on any business." (Doc. 36-1 at 48.) Sometime later, Yavapai College discovered Doria was operating a pet-sitting business in violation of the Lease. (*Id.* at 54.) On December 12, 2024, it notified Doria that his business constituted a material breach, and failure to cure the breach would result in termination of the Lease. (*Id.* at 54-55.)

Doria then sued. On January 8, 2025, Doria filed simultaneous lawsuits against Yavapai College and Seth Weidling Sturdevant in the Verde Valley Justice Court (the "Justice Court Suit") and Yavapai County Superior Court (the "Superior Court Suit").[3] (*Id.* at 2-14, 20-34.) In the Justice Court Suit, Doria alleged state law claims for: (1) unlawful termination of tenancy; (2) attempt to circumvent tenant protections with illegal licensing agreement; (3) retaliation; and (4) failure to respond in good faith. (Doc. 36-1 at 11-12.) In the Superior Court Suit, Doria sued for (1) retaliation under Arizona law; (2) disability discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f) ("FHA"); (3) breach of contract and covenant of good faith and fair dealing; (4) negligent and intentional infliction of emotional distress; and (5) declaratory relief. (*Id.* at 30-31.)

While those actions were pending, Yavapai College initiated eviction proceedings against Doria in the Verde Valle Justice Court for Yavapai County (the "Eviction Suit"). (*Id.* at 40-44.)[4] In that action, Yavapai College argued Doria purportedly breached the Lease by operating a business out of his RV. (*Id.*) Doria answered, asserting counterclaims for (1) retaliation and breach of duty under Arizona law; (2) discrimination under the FHA; and (3) emotional distress. (*Id.* at 57-75.) The case was tried before a jury, and on March 3,

---

[3] Mr. Sturdevant is the property manager at Yavapai College. (Doc. 19 at 2.)
[4] During the Eviction Suit, Yavapai College was represented by Robert D. Haws and John A. Butzer—two of the named defendants in this action. (*See id.* at 43.)

- 2 -

2025, the jury determined that Doria breached the Lease, thereby entitling Yavapai College to possession of the property. (*Id.* at 77.) The jury also found that Doria failed to prove his counterclaim for retaliation.[5] (*Id.*)

Doria's Justice Court Suit was dismissed on March 26, 2025. (*Id.* at 16-18.) Granting Defendants' motion to dismiss, the Justice Court determined that Doria's claims 1, 3, and 4 were barred under res judicata; that all claims were precluded because Doria failed to file a notice of claim under Arizona law; and that Doria's second cause of action failed to state a claim for relief as a matter of law. (*Id.* at 16-17.) Doria's Superior Court Suit was also dismissed on April 11, 2025. (*Id.* at 36.) In that action, the Superior Court granted Defendants' motion to dismiss, noting Doria "does not dispute Defendant[s'] argument that he failed to comply with the [notice-of-claim] requirements of A.R.S. § 12-821.01." (*Id.*)

So how did Doria end up before this Court? Well, on February 28, 2025, he filed a complaint against Defendants, alleging causes of action under state and federal law. (Doc. 1 at 5-6.) Because Doria is proceeding *in forma pauperis*, the Court screened his complaint and dismissed the pleading twice with leave to amend. (Docs. 13, 18.) The operative pleading is now the SAC and asserts the following causes of action: violation of the FHA (Count I); violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") ("Count II"); retaliation under Arizona law ("Count III"); and violation of Due Process (Fourteenth Amendment) ("Count IV"). (Doc. 19 at 5-9.) Like his prior complaints, the allegations in Doria's SAC arise out of the purported breach of the Lease and subsequent eviction. (*See generally* Doc. 19.)

Although far from clear, Doria appears to allege that his "psychological disabilities, including anxiety, depression, and minor paranoid delusions," prompted him to seek an accommodation of the Lease terms so he could operate his pet-sitting business. (*Id.* at 2-4.) In denying his request, Doria avers Defendants arbitrarily and discriminately enforced the Lease, terminating the agreement without cause. (*Id.* at 4-7.)

---

[5] Doria appealed this ruling to the superior court and Arizona Court of Appeals. Both appeals were dismissed for lack of jurisdiction. (Doc. 36-1 at 83-84, 88-89.)

- 3 -

Defendants have now filed a motion to dismiss. (Doc. 36.) Also pending, is Doria's Motion for Permanent Injunction (Doc. 41), Motion for Leave to File a Sur-Reply (Doc. 43), *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 49), Motions to Compel Deposition (Docs. 53, 62), and Motions for Adverse Inference Instruction and Issue Preclusion (Docs. 54, 55).

## II.     DISCUSSION

### A.     Doria's Motion for Leave to File A Sur-Reply

The Court first addresses Doria's request to file a sur-reply in opposition to Defendants' motion to dismiss. (Doc. 43.)

Sur replies are "generally discouraged" and only allowed "in the most extraordinary of circumstances." *Mexicanos v. Diamondback Shooting Sports, Inc.*, No. CIV 22-472-TUC-CKJ, 2023 WL 4237495, at *1 (D. Ariz. June 28, 2023) (citing *Briggs v. Montgomery*, No. CV-18-02684-PHX-EJM, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019)). Courts generally recognize that a sur-reply may be warranted to address new issues or evidence raised for the first time in a reply. *Briggs*, 2019 WL 13039282, at *2. But a sur-reply is not justified to reemphasize arguments that were or could have been raised in a response. *See id.*

Doria's sur-reply aims to address the "material misstatements and omissions regarding the statutory notice-of-claim process under Arizona law." (Doc. 43 at 3.) Critically, however, Defendants' reply does not raise any new arguments or evidence relating to its notice-of-claim argument. (Doc. 42.) Defendants' motion adequately explains the legal and factual basis for its position that Doria failed to file a notice of claim as required by Arizona law. (Doc. 36 at 5-6.) Doria did not address this argument in its response (Doc. 37), and the issue is now waived. *See John-Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (deeming issue waived where party "failed to develop any argument"); *U.S. Aviation Underwriters, Inc. v. WesAir, LLC*, No. 2:08-CV-00891-PMP-LRL, 2010 WL 1462707, at *2 (D. Nev. Apr. 12, 2010) (arguments are deemed waived if "they were available but not raised in [the party's] response").

- 4 -

The Court will deny Doria's motion to file a sur-reply. (Doc. 43.)

**B.      Doria's Third Amended Complaint**

Doria also filed a Third Amended Complaint. (Doc. 51.) Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Doria filed his Third Amended Complaint within the twenty-one-day limit for amending as a matter of course, and therefore, his amendment his timely. Nonetheless, Doria is required to follow this District's amendment procedures. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."). Local Rule of Civil Procedure 15.1(b) provides that "the amending party must file a separate notice of filing the amended pleading," and the notice must "attach a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text that was deleted and underlining the text that was added." Further, an amended pleading "must not incorporate by reference any part of the preceding pleading." LRCiv 15.1(b).

Doria did not adhere to any of these procedures. Doria never filed a notice of amended pleading. The Third Amended Complaint does not indicate how it differs from the SAC. And Doria impermissibly incorporates the SAC by reference. For example, Counts I-V of the Third Amended Complaint do not include *any* factual allegations, but rather assert "(same as prior complaint)." (Doc. 51 at 5.) This is conclusory and insufficient.

Accordingly, the Court will strike the Third Amended Complaint. (Doc. 51.) *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (explaining that a district court has "inherent power to control their docket," including the power to strike documents from the docket).

### C. Defendants' Motion to Dismiss

The Court now turns to Defendants' motion to dismiss. (Doc. 36.)

#### 1. Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A court may dismiss a complaint "if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotations and citation omitted).

A complaint must assert sufficient factual allegations that, when taken as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is more than a mere possibility; a plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing the sufficiency of a complaint, the well-pled factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

#### 2. Analysis

Defendants argue Doria's SAC should be dismissed for three reasons: first, because he failed to file a notice of claim under Arizona law; second, because Doria's claims are barred by res judicata or collateral estoppel; and third, because the SAC fails to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6). (Doc. 36.)

##### i. Notice of Claim

The Court addresses Defendants' notice-of-claim argument first. Arizona law requires a plaintiff suing "a public entity, public school or a public employee" to first file a notice of claim "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). A notice is proper if it contains (1) a specific amount for which the claim can be settled; (2) facts supporting that specific amount; and (3) sufficient facts to permit

the public entity to understand the basis of its liability. *See Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295 (2007) (en banc); *Yollin v. City of Glendale*, 219 Ariz. 24, 28 (App. 2008).

When the governing board of a public entity is sued, as is the case here, a notice of claim must be served either to "the individual designated by the entity, as required by statute, to receive service of process," or "the entity's chief executive officer(s)." Ariz. R. Civ. P. 4.1(h)(4). In Arizona, Yavapai College's chief executive officers consist of the members of the school board. *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, 527-28 (2006) (en banc); *Batty v. Glendale Union High Sch. Dist. No. 205*, 221 Ariz. 592, 596 (App. 2009).

This means Doria was required to serve a notice of claim on each member of Yavapai College's governing board and on Mr. Sturdevant as a public employee. He did not. Accordingly, Doria's state law claim for retaliation against Yavapai College and Mr. Sturdevant is barred for failure to comply with Arizona's notice-of-claim requirements. Count III will be dismissed with prejudice against Yavapai College and Mr. Sturdevant in his official capacity.[6]

### ii. Res Judicata

Defendants also seek dismissal on res judicata grounds. (Doc. 36 at 6-9.) This Court is required to "give state court judgments the preclusive effect that those judgments would enjoy under the law of the state in which the judgment was rendered." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 993 (9th Cir. 2001). To prevail on a res judicata defense, the moving party must establish the following: "(1) an identity of claims in the suit in which a judgment was entered and the current litigation, (2) a final judgment on the merits in the previous litigation, and (3) identity or privity between parties in the two suits." *In re Gen. Adjudication of All Rts. to Use Water in Gila River Sys. & Source*, 212 Ariz. 64, 69-70 (2006). As to the "identity of claims" element, Arizona courts apply the "same evidence" test: "If no additional evidence is needed to prevail in the second action than that needed

---

[6] Even if Doria had properly served a notice of claim on these Defendants, his retaliation claim is nonetheless barred under res judicata for the reasons explained herein.

in the first, then the second action is barred." *Phx. Newspapers, Inc. v. Dep't of Corr., State of Ariz.*, 188 Ariz. 237, 240 (App. 1997).

The Court need not belabor on whether an Arizona court would treat some of Doria's claims as barred by res judicata because this Court has the benefit of multiple Arizona state court decisions answering the very question.

Starting with Count I, Doria alleges disability discrimination in violation of the FHA. (Doc. 19 at 5-6.) Doria first raised these allegations in his FHA claim before the Superior Court (Doc. 36-1 at 31), which the judge dismissed (*Id.* at 36). Doria later asserted a counterclaim for disability discrimination under the FHA in the Eviction Suit. (*Id.* at 67.) In that action, the jury ultimately determined that Yavapai College had just cause to terminate the Lease, and Doria did not meet his burden in proving his counterclaim. (*Id.* at 77.) Because Count I is identical to the claims Doria previously alleged that resulted in a final judgment on the merits, the first two elements for res judicata are met. Although Defendants Haws and Butzer were not named in any of the earlier suits, they represented Defendants Yavapai College and Sturdevant in each action. Further, Defendant Sturdevant is a privy of Yavapai College as its employee. Therefore, the Court finds the privity element is also satisfied.[7] With all three elements met, the Court finds that Count I is barred in this action under res judicata.

Doria's claim for retaliation in Count III has also been litigated on numerous occasions. Doria asserted a counterclaim for retaliation in the Eviction Suit (Doc. 36-1 at 66-67), which the jury rejected (*Id.* at 77). Later, in the Justice Court Suit, the court held that Doria's claim for unlawful retaliation was barred by the doctrine of res judicata. (*Id.* at 16-17.) And in the Superior Court Suit, Doria's retaliation claim was ultimately dismissed. (*Id.* at 36.) Because this exact claim between Doria and Defendants has resulted

---

[7] "Finding privity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Hall v. Lalli*, 194 Ariz. 54, 57 (1999) (en banc) (citation modified). "Examples of persons in privity include employers and employees, principals and agents, and indemnitors and indemnitees." *Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 630 (App. 2006); *see also Cahn v. Fisher*, 167 Ariz. 219, 221 (App. 1990) ("[A] lawyer is the agent of his or her client.").

in a final judgment on the merits in state court, it is now barred here.

Although the allegations arise out of the same event and are largely duplicative, Doria has not previously asserted Count II (discrimination under the ADA) and Count IV (due process). Because this Court must apply Arizona preclusion principles, Counts II and IV are barred only if no additional evidence is needed to prevail here than in Doria's first suits. *Phx. Newspapers*, 188 Ariz. at 240. As to Count II, while both the ADA and the FHA prohibit disability discrimination, a claim under the ADA requires proof of an accommodation related to equal access to a public service, whereas the FHA requires proof of an accommodation related to equal opportunity to use and enjoy a dwelling. *Compare* 42 U.S.C. § 12132, *with* 42 U.S.C. § 3604(f). With respect to Count IV, Doria must show that his property interests were invaded by the government without an opportunity to challenge the invasion. *See Rainbow Valley Citrus Corp. v. Fed. Crop Ins. Corp.*, 506 F.2d 467, 469 (9th Cir. 1974). Thus, to prove Counts II and IV, Doria may need to present new evidence not previously required in the prior adjudication of his retaliation and discrimination claims. As a result, res judicata does not bar Counts II and IV under Arizona law.

Accordingly, only Doria's FHA (Count I) and retaliation (Count III) claims are barred under res judicata. Counts I and III will be dismissed with prejudice against all Defendants.

### iii. Collateral Estoppel

Defendants also argue all claims should be dismissed as barred under the doctrine of collateral estoppel. (Doc. 36 at 9-10.) The Court only addresses this argument with respect to the remaining claims: Counts II and IV. Collateral estoppel, or issue preclusion, binds a party to a decision on an issue previously litigated if:

> (1) the issue was actually litigated in the previous proceeding, (2) the parties had a full and fair opportunity and motive to litigate the issue, (3) a valid and final decision on the merits was entered, (4) resolution of the issue was essential to the decision, and (5) there is common identity of the parties.

*Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223 (App. 2003) (citation omitted). If the first

four elements are satisfied, Arizona law permits defensive use of issue preclusion, which occurs when "a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff previously litigated unsuccessfully against another party." *Id.*

In the prior proceedings, Doria's counterclaims for retaliation and discrimination involved the same discriminatory enforcement of the Lease terms as alleged here. (*Compare* Doc. 36-1 at 66-67, *with* Doc. 19 at 5-8.) At the close of the Eviction Suit, the jury rejected Doria's counterclaim for retaliation and found for Yavapai College, determining that it had just cause to terminate the Lease. (Doc. 36-1 at 77.) The jury's verdict in favor of Yavapai College meant the College's enforcement of the Lease was valid—not arbitrary, discriminatory, or retaliatory as argued by Doria. While Doria recasts his legal claims under the ADA and Due Process Clause, both claims are predicated on the same issue—whether Yavapai College discriminately or arbitrarily enforced the Lease. This issue has been decidedly resolved against Doria in a final judgment after he received a full opportunity to litigate before a jury and two judges. The Court finds that each element of collateral estoppel is satisfied on this issue, such that it is entitled to preclusive effect in this action.

Because Doria's theories under the ADA and Due Process Clause are predicated on the very issue decided against him, Counts II and IV are precluded. The Court will dismiss these claims with prejudice against all Defendants.[8]

### 3.    Leave to Amend

Doria requests leave to amend. (Doc. 37 at 6.) Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend should be freely granted "when justice so requires." Leave to amend is not available, however, where amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This Court has already provided Doria multiple opportunities to amend his pleading. (Docs. 13, 18.) For the reasons stated above, all of Doria's claims are precluded by res

---

[8] Because Counts I-IV will be dismissed as precluded, the Court need not address Defendants' alternative argument that Doria fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

judicata or collateral estoppel; therefore, leave to amend will be denied as futile. *See D'Haenens v. Fed. Nat. Mortg. Ass'n*, No. 2:11-CV-01432-GMN, 2013 WL 1315223, at *1 (D. Nev. Mar. 28, 2013) ("Where an action is dismissed on the basis of res judicata and claim preclusion, any amendment is necessarily futile, since curing this deficiency is not possible by definition."); *Rainwater v. Banales*, No. CV 08-3789-CJC, 2008 WL 5233138, at *9 n.6 (C.D. Cal. Dec. 15, 2008) (leave to amend may be denied as futile where the claims would be barred by res judicata or collateral estoppel).

### D.     Defendants' Request for A No-Contact Order

Defendants also request a no-contact order, arguing Doria continues to contact representatives of Yavapai College directly and send "threatening and harassing emails . . . to College administrators, staff, and even students," as well as other attorneys at Defendant Haws' law firm. (Doc. 36 at 15-16.) Defendants also represent there is an existing no-contact order in place before the Yavapai County Superior Court. (*Id.*; *see also* Doc. 36-1 at 95.) The Court will grant the request as provided herein.

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** Doria's Motion for Leave to File a Sur-Reply (Doc. 43) is denied.

**IT IS FURTHER ORDERED** Doria's Third Amended Complaint (Doc. 51) is stricken. The Clerk of Court must strike the Third Amended Complaint (Doc. 51) from the docket.

**IT IS FURTHER ORDERED** Defendants' Motion to Dismiss (Doc. 36) is granted, and Doria's Second Amended Complaint (Doc. 19) is dismissed with prejudice.

**IT IS FURTHER ORDERED** denying all other pending motions (Docs. 41, 49, 53, 54, 55, 62) as moot.

**IT IS FURTHER ORDERED** Doria shall direct all communication with Defendants related to the issues raised in this lawsuit through Defendants' counsel.

 . . . .

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendants and close this case. The Court retains jurisdiction to adjudicate any request for attorneys' fees.

**IT IS FINALLY ORDERED** that Defendants' request for fees and costs within their motion to dismiss is denied without prejudice to Defendants filing a timely motion for fees and/or bill of costs consistent with the federal and local rules of civil procedure.

Dated this 20th day of August, 2025.

Michael T. Liburdi
United States District Judge