**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel T Doria,<br><br>   Plaintiff,<br><br>v.<br><br>Yavapai College District Governing Board, et al.,<br><br>   Defendants. | No. CV-25-08043-PCT-MTL<br><br>**ORDER** |

  Before the Court is Defendants' Motion for Attorneys' Fees pursuant to Federal Rule of Civil Procedure 37(a)(5) and Local Rule 54.2. (Doc. 67.) The motion was filed after the Court's Order (Doc. 63) granting Defendants' Motion to Dismiss with prejudice (Doc. 36). The Court will grant in part the Motion (Doc. 67).

**I. BACKGROUND**

  The Court previously set forth the factual background in this case. (*See* Doc. 63.) Relevant here, Plaintiff Daniel Doria's Second Amended Complaint ("SAC") alleged four claims: (1) violation of the Fair Housing Act ("FHA"), (2) violation of the Americans with Disabilities Act ("ADA"), (3) retaliation under Arizona law, and (4) violation of Due Process. (Doc. 19.) Each claim arose from Defendants' enforcement of a lease governing Plaintiff's tenancy at the Verde Valley RV Park and the resulting eviction proceedings, which culminated in a state jury verdict finding Plaintiff in breach of the lease and rejecting his retaliation claim.

  Defendants filed a motion to dismiss the SAC. (Doc. 36.) That motion was granted,

and this action was dismissed with prejudice. (Doc. 63.) Plaintiff then appealed that Order.[1] (Doc. 64.) Defendants now move for attorneys' fees, claiming they incurred "$31,446 in attorneys' fees directly attributable to successfully defending these claims." (Doc. 67 at 2.) That motion is fully briefed. (Docs. 69, 70.)

## II.   ELIGIBLITY FOR AND ENTITLEMENT TO ATTORNEYS' FEES

### A.   Legal Standard

Defendants primarily request attorneys' fees under 42 U.S.C. § 1988(b) and A.R.S. § 12-349(A)(1).[2] (Doc. 67 at 2-7.) "The basis of the fees request [under these statutes] is essentially the same." *Hoenack v. Litchfield Elementary Sch. Dist. No. 79*, No. CV-22-01903-PHX-JJT, 2024 WL 4837006, at *3 (D. Ariz. Nov. 20, 2024). A district court may issue a discretionary award of fees under § 1988(b) to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 421 (1978).

Similarly, under A.R.S. § 12-349(A)(1), courts must award attorney fees to a prevailing defendant if a plaintiff "[b]rings or defends a claim without substantial justification." The phrase "without substantial justification" means that the claim "is groundless and is not made in good faith." A.R.S. § 12-349(F). "Therefore, the state and federal fee statutes largely track one another." *Hoenack*, 2024 WL 4837006, at *3. The Court therefore analyzes Defendants' fee request under both statutes together.

But each standard is applied differently as to pro se plaintiffs. "The *Christiansburg* standard is applied with particular strictness in cases where the plaintiff proceeds pro se." *Miller v. L.A. Cnty. Bd. of Educ.*, 827 F.2d 617, 620 (9th Cir. 1987). On the other hand, Arizona state courts "may not afford special leniency to pro se litigants." *Flynn v.*

---

[1] Plaintiff's notice of appeal from the order dismissing the SAC does not divest this Court of jurisdiction to consider an award of attorneys' fees. *See Masalosalo ex rel. v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983).
[2] The Court notes that Defendants also argue they are entitled to fees as to the FHA claim under 42 U.S.C. § 3613(c)(2) and for the state law retaliation claim under A.R.S. § 12-341.01. (Doc. 67 at 2, 4.) Because the Court resolves the motion under 42 U.S.C. § 1988(b) and A.R.S. § 12-349(A)(1), the Court need not assess whether it can grant relief under those alternative statutes.

*Campbell*, 243 Ariz. 76, 83-84 (2017).

### B.     Analysis

Defendants obtained dismissal with prejudice of all claims asserted in the SAC. (Doc. 63.) They are therefore prevailing parties for purposes of both 42 U.S.C. § 1988(b) and A.R.S. § 12-349. *Garrow v. Tucson Clips LLC*, No. CV-22-00243-TUC-RM (LAB), 2023 WL 8018313, at *3 (D. Ariz. Nov. 20, 2023); *Harris v. Rsrv. Life Ins. Co.*, 158 Ariz. 380, 385 (App. 1988).

In determining whether an award of attorneys' fees is appropriate against a pro se civil rights plaintiff, the Ninth Circuit considers three factors: "(1) whether the court dismissed the action before proceeding to trial; (2) whether the plaintiff recognized the merits, or lack thereof, of her claims; and (3) whether the plaintiff acted in bad faith." *See Garrow*, 2023 WL 8018313, at *3; *Miller*, 827 F.2d at 620. The Court addresses these considerations in turn.

#### 1.     Early Dismissal

First, this action was dismissed at the pleading stage and did not proceed to discovery or trial. (Doc. 63.) All claims were dismissed with prejudice, and the Court concluded that amendment would be futile. (*Id.* at 10-12.) Early dismissal weighs in favor of a fee award because it reflects the absence of a viable legal or factual basis for the claims. *See Miller*, 827 F.2d at 620; *Minor v. FedEx Off. & Print Servs., Inc.*, 205 F. Supp. 3d 1081, 1087 (N.D. Cal. 2016) ("The first factor favors granting fees when an action is dismissed before trial, as an early dismissal suggests that the case's lack of merit is apparent from the pleadings.").

#### 2.     Recognition of the Lack of Merit

The record also demonstrates that Plaintiff recognized, or at least should have recognized, the lack of merit in his claims. The Court addresses each claim in turn to explain why Plaintiff had notice that further litigation would be unsuccessful.

##### a.     FHA and Retaliation Claims

The Court previously dismissed his FHA and retaliation claims with prejudice as

barred by the doctrine of res judicata. (Doc. 63 at 9.) The Court acknowledges that "most courts that have addressed the issue have concluded dismissal based on the doctrine of claim preclusion or res judicata is not a proper basis for an award of attorneys' fees." *Garrow*, 2023 WL 8018313, at *4 (quoting *Minor*, 205 F. Supp. 3d at 1088). This caution is particularly relevant for pro se plaintiffs because res judicata "involve[s] procedural rules that are difficult even for experienced lawyers and judges to apply, much less lay persons." *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir. 1989).

Arizona law, however, draws a distinction between an initial, mistaken filing and the repeated pursuit of claims after a plaintiff has been warned they are barred. Under A.R.S. § 12-349, Arizona courts have affirmed fee awards where plaintiffs continue to relitigate claims despite clear notice that they are precluded. *See Eli v. Procaccianti AZ II LP*, No. 1 CA-CV 19-0855, 2021 WL 3088737, at *3 (Ariz. App. July 22, 2021) (affirming fees where the action was the plaintiffs' "third unsuccessful attempt to evade judgment"); *Myers v. Freescale Semiconductor Inc.*, No. 1 CA-CV 17-0745, 2018 WL 6241455, at *5 (Ariz. App. Nov. 29, 2018) ("A plaintiff who repeatedly brings litigation over the same issue after courts have previously stated he is barred from doing so, does so 'without substantial justification.'"). That principle applies even when the plaintiff proceeds without counsel. *Gray v. Capstone Fin.*, No. 1 CA-CV 21-0538, 2022 WL 1151132, at *2 (Ariz. App. Apr. 19, 2022).

Doria has filed several lawsuits in federal court alone and represents that he intends on attending law school, showing that he understands the legal process. (Doc. 69 at 5); *see also Hernandez v. Huscher*, No. 3:20-CV-00328-MK, 2022 WL 17721468, at *1 n.2 (D. Or. Dec. 15, 2022) (noting that it would not consider an untimely filing where the pro se litigant had been involved in several lawsuits and had "shown her understanding of the legal process").

Plaintiff was also on notice that further attempts to litigate his FHA and retaliation claims would not succeed. Before filing this action, the Yavapai County Justice Court had already determined that Plaintiff's FHA and retaliation claims were barred, holding that

"[a] final judgment was entered after an eviction jury trial in Case No. CV2025000123 that involve[d] the same parties and addressed these same claims." (Doc. 36-1 at 16-17.) Plaintiff therefore had explicit notice that further attempts to litigate those claims would not succeed.

The District Court of Oregon confronted a similar issue in *Holdner v. Coba*, No. 3:15-CV-2039-AC, 2016 WL 6662687, at *4-5 (D. Or. Nov. 9, 2016). There, a pro se plaintiff filed the same claims for a third time. *Id.* at *4. The court emphasized that, before filing the third action, the plaintiff had already received a ruling from a prior court explaining that his claims were barred by claim preclusion. *Id.* at *5. Although the court acknowledged its obligation to afford a pro se litigant the benefit of the doubt, it noted that the plaintiff had "clearly been warned any additional complaints attacking the legality of Defendants' regulation of [his] livestock operation would not succeed." *Id.* The court further observed that the plaintiff did not need to conduct or independently understand the claim-preclusion analysis because "Judge Papak had done so for him" and that he "needed only to read Judge Papak's ruling . . . to know [the third action] was not viable." *Id.*

The same is true here. Plaintiff had already received a clear judicial explanation that his FHA and retaliation claims could not be relitigated. His decision to reassert those claims in this Court supports a finding that he recognized, or should have recognized, their lack of merit.

### b. ADA and Due Process Clause

The Court also dismissed Plaintiff's ADA and Due Process Clause claims with prejudice under collateral estoppel. (Doc. 63 at 10.) As the Court explained, "the jury's verdict in favor of Yavapai College meant the College's enforcement of the Lease was valid," and both claims were "predicated on the same issue—whether Yavapai College discriminately or arbitrarily enforced the Lease." (*Id.*)

Although the warning as to collateral estoppel may not have been as explicit as it was with respect to res judicata, Plaintiff was nonetheless on notice that litigation of the Lease enforcement issue would fail. Other courts within this circuit have awarded

- 5 -

attorneys' fees under § 1988 where claims barred by collateral estoppel constituted "burdensome litigation that is prosecuted without foundation." *Myers v. Thompson*, No. CV 17-157-M-DLC-JCL, 2019 WL 1369005, at *2 (D. Mont. Mar. 26, 2019) (internal quotation marks omitted); *Grove v. Helena Parking Comm'n*, No. CV 11-17-H-DWM, 2011 WL 2790205, at *5 (D. Mont. July 14, 2011). Taken together, Plaintiff's continued pursuit of claims foreclosed by prior adjudications—whether by res judicata or collateral estoppel—supports the conclusion that he recognized, or should have recognized, the lack of merit in his claims.

### 3. Bad Faith or Improper Purpose

The Court granted Defendants' request for a no-contact order after Defendants represented that Plaintiff was repeatedly sending "threatening and harassing emails . . . to College administrators, staff, and even students, as well as other attorneys at Defendant Haws' law firm." (Doc. 63 at 11; Doc. 36 at 15-16.) Plaintiff argues that the Court should not consider the no-contact order because he appealed it to the Ninth Circuit. (Doc. 69 at 4.) That argument is unavailing. An additional no-contact order was already in place in Yavapai County Superior Court. (Doc. 63 at 11; Doc. 36-1 at 95.) Plaintiff's history of contact with Defendants, coupled with his continued litigation of claims he had been warned were barred, supports a finding that this action was pursued, at least in part, for an improper purpose. Accordingly, Defendants are entitled to recover reasonable attorneys' fees under 42 U.S.C. § 1988(b) and A.R.S. § 12-349.

### III. REASONABLENESS OF REQUESTED ATTORNEYS' FEES

#### A. Legal Standard

The Court's conclusion that an award of attorneys' fees is warranted does not end the inquiry; it must also determine whether the amount requested is reasonable. "District courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). "Under this approach, a 'presumptively reasonable' fee award 'is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Coe v. Hirsch*,

1   No. CV-21-00478-PHX-SMM (MTM), 2022 WL 508841, at *1 (D. Ariz. Jan. 21, 2022)
2   (quoting *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)). In
3   evaluating whether the lodestar amount is reasonable, the Court considers the factors set
4   out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). These factors
5   include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Id.*; *see also* LRCiv. 54.2(c)(3).

Additionally, under both § 1988 and A.R.S. § 12-349, "and particularly in a case involving a losing *pro se* litigant, consideration of the losing party's financial status is of paramount importance in determining the amount of fees to be awarded." *Hoenack*, 2024 WL 4837006, at *4; *Miller*, 827 F.2d at 621 ("In addition to the *Kerr* factors, a district court in cases involving 42 U.S.C. §[]1981 . . . should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant" because "the award should not subject the plaintiff to financial ruin"); A.R.S. § 12-350(4) ("[T]he court . . . may include the following factors, as relevant, in its consideration: . . . The relative financial positions of the parties involved.").

**B.   Analysis**

Defendants seek $31,446 in attorneys' fees. (Doc. 67 at 1.) In support, Defendants submitted an affidavit from counsel Robert Haws detailing the basis for the requested amount. (*Id.* at 18-23.) Mr. Haws describes decades of experience representing school districts and colleges, including Yavapai College. (*Id.* at 18-20.) He attests that his discounted hourly rate is $250, his associate's rate is $200, and his summer associate's rate is $90. (*Id.* at 19-20.) He further represents that he and his team expended a total of 145.60

- 7 -

hours defending this action and submitted itemized billing records reflecting that work. (*Id.* at 19, 25-38.)

Plaintiff does not challenge the reasonableness of Defendants' hourly rates or the hours expended, and the Court's independent review confirms that both appear reasonable. Plaintiff instead argues that an award of attorneys' fees would be "financially devastating." (Doc. 69 at 5.)

The "party asserting a financial hardship must present prima facie evidence of that hardship." *Hoenack*, 2024 WL 4837006, at *4 (quoting *Cruz v. Miranda*, No. 2 CA-CV 2015-0131, 2016 WL 1612748, at *7 (Ariz. App. Apr. 21, 2016)). Plaintiff argues that he is proceeding in forma pauperis, is a full-time student, earns approximately $300 per month from dog sitting, is otherwise unemployed, and represents that he intends to remain a student for the foreseeable future as he plans to attend law school. (Doc. 69 at 5.) Defendants further represent that Plaintiff faces a considerable amount of attorneys' fees arising from related state-court proceedings. (Doc. 70 at 5.)

Taken together, Plaintiff's limited financial resources and pro se status warrant a reduction in the amount of fees awarded. *See Hoenack*, 2024 WL 4837006, at *4 (noting that under both § 1988 and A.R.S. § 12-349, "the Court retains broad discretion in fixing the amount of fees"). Considering that reduction, conducting an independent analysis of each *Kerr* factor would serve little practical purpose, as any adjustment justified under those factors would be subsumed by the reduction required to avoid imposing undue financial hardship. *Id.* at *5. ("In light of the substantial reduction that the Court will impose as a result of Plaintiff's financial status, there would be no utility in conducting an independent review of the *Kerr* factors, as any adjustment merited thereunder would be subsumed into the adjustment resulting from Plaintiff's status as a non-wealthy pro se litigant.").

Exercising its discretion, the Court awards Defendants $7,500 in attorneys' fees. An award of greater magnitude would likely subject Plaintiff to financial ruin. *Miller*, 827 F.2d at 621. This amount reflects a downward adjustment based on Plaintiff's financial

circumstances and pro se status and represents a reasonable fee award in both basis and amount.

**IT IS THEREFORE ORDERED granting in part** Defendants' Motion for Attorneys' Fees (Doc. 67) and awarding Defendants $7,500.00 in attorneys' fees.

Dated this 13th day of January, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 9 -